UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANNABELLE THOMPSON, MARC BASIST,
DENNIS KOEN, PAUL SULLIVAN, and
ROBERT DONAGHUE, individually and on
behalf of those similarly situated,

                Plaintiffs,

      v.

LINVATEC CORPORATION, CONMED
CORPORATION, and CONMED CORPORATION
SEVERANCE PLAN,

                Defendants.

**STIPULATED PROTECTIVE ORDER**

Civil Action No.:
06-CV-404 (NPM/GJD)

---

WHEREAS, the parties expect to disclose documents and information in the course of discovery which are confidential; and

WHEREAS, each party desires to protect and safeguard such confidential information against any disclosure to or use by any other party or any other person or entity; and

WHEREAS, each party believes that it would serve the interests of the parties to conduct discovery under and be bound by this Protective Order; and

WHEREAS, there is good cause for this Protective Order and it will not compromise the public interest in any way; and

WHEREAS, each party has consented and agreed to conduct discovery under and be bound by the Protective Order set forth below.

NOW THEREFORE, for the purpose of protecting Confidential Information,

IT IS HEREBY STIPULATED AND AGREED by and between the parties to this civil action, through their respective undersigned counsel, that the Stipulated Protective Order as set forth herein be entered pursuant to F.R.Civ.P. 26(c) and be adopted for the protection of Confidential Information disclosed during this action:

1. Any party producing information in this civil action (whether orally during testimony at depositions, in interrogatory answers, through production of documents and things, in answering requests for admission, or otherwise) that the party in good faith reasonably believes reflects Confidential Information may designate such information "CONFIDENTIAL" or "CONFIDENTIAL-PROTECTIVE ORDER" as specified below. Information so designated by either party and marked as specified below will thereafter be subject to the provisions of this Stipulated Protective Order unless otherwise ordered.

2. Any such information that is disclosed by or on behalf of any party in this action, if in writing (e.g., in a document or an interrogatory answer), shall be stamped or otherwise clearly marked CONFIDENTIAL or CONFIDENTIAL-PROTECTIVE ORDER (hereafter "CONFIDENTIAL") on each page of the writing on which such information is disclosed, or, if through production of a thing, shall be labeled or otherwise clearly marked CONFIDENTIAL.

3. Stamping or marking of the information as CONFIDENTIAL shall take place prior to handover of the information by the producing party. In the event that documents and things are produced for inspection, no marking need be made by the producing party in

advance of the inspection. For purposes of the inspection, all documents and things produced shall be considered as marked CONFIDENTIAL. Thereafter, upon selection of specified documents and things for copying or reproduction by the inspecting party, the producing party shall mark as CONFIDENTIAL the copies of such documents and things that the producing party believes contain Confidential Information at the time the copies are handed over to the inspecting party.

    4.    Any such information that is disclosed orally by or on behalf of any party in this action (e.g., during a deposition) may be designated as CONFIDENTIAL subject to the provisions of this Stipulated Protective Order by so designating the oral testimony or portions thereof. A party may make such a designation by making an appropriate statement at the time of the testimony. A party may also so designate portions of depositions after transcription but shall have a twenty-one (21) day period after receipt of the deposition transcript within which to inform the other parties in writing of the portions of the transcript that are to be designated CONFIDENTIAL after which period the right to make such a designation shall be waived. During the twenty-one day period identified herein, any transcript shall be considered as marked CONFIDENTIAL.

The originals of said deposition transcripts and all copies thereof shall hear the legend CONFIDENTIAL, and the original shall at the time of filing with the Court be sealed, identified as being subject to this Order, and not opened except by order of this Court.

    5.    In the event that the producing party inadvertently fails to designate as CONFIDENTIAL any information that is produced and that the producing party reasonably believes should be so designated, the producing party may subsequently make such a designation by notifying opposing counsel in writing as soon as practicable. After receipt of such

notification, the party to whom disclosure has been made will treat the information as if designated CONFIDENTIAL subject to the requirements of this Stipulated Protective Order.

6. Confidential discovery material shall be used only for the prosecution or defense of this action and under no circumstances other than those specifically provided for in this or in subsequent court orders shall be disclosed to persons other than the following:

(a) Attorneys of record, and their clerical staff employees engaged in preparation for and trial of this action; and

(b) The named parties to this action.

Unless otherwise agreed by counsel for the parties, or ordered by the Court, only those persons authorized by this Stipulation and Order to receive confidential discovery material as set forth above may be present during a deposition designated confidential by counsel of record. Under no circumstances may information designated as CONFIDENTIAL be disclosed to any person or entity other than those identified in this paragraph except with the prior written consent of the producing party. However, any person indicated on the face of the document or thing as its originator, author or a recipient or a copy thereof may be shown the same.

7. Before counsel of record for a receiving party discloses information designated CONFIDENTIAL to any independent expert or independent consultant, said independent expert or independent consultant must execute a copy of the declaration attached hereto as Exhibit A and thereby agree to be bound by the provisions of this Stipulated Protective Order. Counsel of record shall provide to each other copies of all declarations executed by independent experts or independent consultants promptly after such declarations are executed.

8. All CONFIDENTIAL information disclosed in this civil action may be used only for purposes of this action and not for any other actions or any business purpose whatsoever.

9. Those to whom Confidential Information is made available shall: (a) forever protect, safeguard and otherwise respect its confidential nature, (b) not disclose it or any part of it (including any summaries, abstracts, digests, reports, analyses or indices of the Confidential Information) to any person other than the persons identified in paragraph 6 who are entitled to have it made available to them, (c) not use it or any part of it (including any summaries, abstracts, digests, reports, analyses or indices of the Confidential Information) for their own benefit or the benefit of the receiving party or anyone else, or to the detriment of the producing party, or for any other purpose, except as necessary for the good faith conduct of this proceeding in accordance with the Stipulated Protective Order, and (d) maintain all documents and things which are or which contain or reveal Confidential Information in a secure place where unauthorized disclosure to persons other than those identified in paragraph 6 cannot reasonably be expected to occur.

10. In the event that a party receiving information that the producing party has designated CONFIDENTIAL disagrees with the propriety of that designation, then the parties will first confer, in good faith, to attempt to resolve such dispute on an informal basis before presenting the dispute to the Court by motion or otherwise. If the parties cannot reach a resolution, the party claiming confidentiality shall present the issue to the Court within thirty days of the parties conference to resolve such dispute. The Court may then determine whether the information should be considered CONFIDENTIAL and, if so, may rule on what restrictions to access or disclosure should be imposed. The burden of establishing that information is

CONFIDENTIAL shall rest upon the party claiming such CONFIDENTIAL designation. All information whose designation as CONFIDENTIAL has been disputed shall be treated as CONFIDENTIAL until such time as the Court determines or the parties agree otherwise. No party shall be obligated to challenge the propriety of the CONFIDENTIAL designation at the time of production, and a failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

11. Any pleadings, responses to requests for discovery, motions or other documents filed with the Court that disclose any information designated as CONFIDENTIAL shall be designated appropriately, and shall be filed under seal with a cover sheet bearing the caption of this action and containing the following notice: "CONFIDENTIAL-SEALED BY ORDER OF THE UNITED STATES DISTRICT COURT: FILED PURSUANT TO PROTECTIVE ORDER", and shall be kept under seal until further order of the Court. Where possible, only those portions of filings with the Court that may reasonably be classified as containing Confidential Information shall be filed under seal.

12. All deposition transcripts, briefs, memorandums, and other papers filed, in accordance with paragraph 11, with the Court by any party which contain or describe Confidential Information shall be filed with the Court together with a transmittal letter reciting, in substance:

> "These documents contain information of an extremely confidential nature. Pursuant to the Stipulated Protective Order, entered by the United States District Court for the Northern District of New York on the ___ day of _____, 20__, you are respectfully instructed to place them in a separate file to which access is restricted to the Office of the Clerk of the United States District Court for the Northern District of New York."

13. Non-parties who provide Confidential Information in response to a subpoena or discovery request in this action may invoke the protections of this Stipulated Protective Order for such information by designating that information CONFIDENTIAL in accordance with the terms of this Stipulated Protective Order.

14. This Stipulated Protective Order is without prejudice to the right of any party to seek relief from or modification of any provision contained herein after notice to the other party.

15. Nothing in this Stipulated Protective Order shall preclude a party from using or disclosing information or material that:

(a) was, is or becomes public knowledge, not by any act of a party or person in violation of this Stipulated Protective Order;

(b) is independently acquired by the non-designated party by itself or from a third party having the right to disclose such information or material; or

(c) was lawfully possessed by the non-designating party prior to the entry by the Court of this Order.

16. All documents, things, deposition transcripts, interrogatory answers and other information designated as CONFIDENTIAL under the terms of this Stipulated Protective Order shall be returned to counsel representing the producing party or shall be destroyed in accordance with agreement of counsel, within thirty (30) days following this action's final determination. Counsel for each party may retain a set of all confidential documents produced in the action and copies of all pleadings, motions and other documents filed with the Court.

17. The parties agree to submit this Stipulated Protective Order for entry by the Court and to be bound by its terms prior and subsequent to entry by the Court. This

1223273.1

Stipulated Protective Order shall remain in effect unless modified by an Order of the Court or by written stipulation of the parties filed with the Court.

Dated: Sept. 22, 2006

BOND, SCHOENECK & KING, PLLC

By: _____
Jonathan B. Fellows (101628)
Louis Orbach (507815)
One Lincoln Center
Syracuse, NY 13202
Telephone: (315) 218-8000
Fax: (315) 218-8100

Attorneys for Defendants

Dated: _____, 2006

MOUKAWSHER & WALSH, LLC

By: _____
Ian O. Smith
21 Oak Street, Suite 209
Hartford, CT 06106
Telephone: (860) 278-7000
Fax: (860) 548-1740

Attorneys for Plaintiffs

SO ORDERED THIS
22nd day of September, 2006

_____
Gustave J. DiBianco
United States District Court Magistrate Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

ANNABELLE THOMPSON, MARC BASIST,
DENNIS KOEN, PAUL SULLIVAN, and
ROBERT DONAGHUE, individually and on
behalf of those similarly situated,

                     Plaintiffs,                        Civil Action No.:
                                                                      06-CV-404 (NPM/GJD)

    v.

LINVATEC CORPORATION, CONMED
CORPORATION, and CONMED CORPORATION
SEVERANCE PLAN,

                     Defendants.

-----------------------------------------------------------------

## DECLARATION

      I, _____, declare that I have read the Stipulated Protective Order signed by the parties and ordered by the Court in this civil action, that I understand its terms, and that I agree to be bound by all of the requirements and restrictions of said Order. I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____                                       _____

1223273.1