UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

========================================================

ANNABELLE THOMPSON, MARC BASIST,
DENNIS KOEN, PAUL SULLIVAN, and
ROBERT DONAGHUE, individually
and on behalf of those similarly situated,

                Plaintiffs,

v.                                            06-CV-0404 (NPM / GJD)

LINVATEC CORPORATION,
CONMED CORPORATION, and
CONMED CORPORATION
SEVERANCE PLAN,

                Defendants.

_____

| APPEARANCES | OF COUNSEL |
|---|---|
| MOUKAWSHER & WALSH, LLC<br>Attorney for Plaintiffs<br>21 Oak Street  Suite 209<br>Hartford, CT 06106 | Ian O'Neil Smith, Esq. |
| TORYANSKI LAW GROUP<br>Attorney for Plaintiffs<br>Capitol Park Plaza East<br>512 West Bannock, P.O. Box 893<br>Boise, ID 83701 | Kim W. Toryanski, Esq. |
| MOUKAWSHER & WALSH, LLC<br>Attorney for Plaintiffs<br>21 Oak Street  Suite 209<br>Hartford, CT 06106 | Thomas G. Moukawsher, Esq. |

| | |
|---|---|
| BOND, SCHOENECK & KING, PLLC<br>Attorney for Defendants<br>One Lincoln Center<br>Syracuse, NY 13202-1355 | Jonathan B. Fellows, Esq. |
| BOND, SCHOENECK & KING, PLLC<br>Attorney for Defendants<br>One Lincoln Center<br>Syracuse, NY 13202-1355 | Louis Orbach, Esq. |

NEAL P. McCURN, Senior U.S. District Court Judge

MEMORANDUM - DECISION AND ORDER

This is a class action filed pursuant to 29 U.S.C. § 1001, et seq., the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), for severance benefits, breach of fiduciary duty, and violation of ERISA summary plan description ("SPD") requirements. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Currently before the court is the defendants' motion to reconsider and bifurcate. (Doc. No. 52). For the reasons set forth below, the defendants' motion will be granted in part and denied in part.

I.   FACTS

The court presumes familiarity with the underlying facts of this litigation pursuant to its decision and order dated May 22, 2007 (Doc. No. 50), and will reiterate those facts only as necessary as context for the present motion. In its decision and order, the court granted the plaintiffs' motion to certify the class, and

denied the defendants' motion to dismiss counts two and three of the complaint, and denied the defendants' motion for summary judgment on count one of the complaint.

On May 21, 2007, one day before this court's decision and order, the Supreme Court issued an opinion, discussed below, that purported to change the long-time Rule 12 standard for a motion to dismiss. The defendants now request reconsideration of the court's previous ruling based on this new standard. Defendants also request the court to bifurcate and adjudicate the issue of what the applicable, governing plan documents are in this action, in the interest of judicial economy.

## II.     DISCUSSION

### A.     Motion for Reconsideration Standard

The decision to grant or deny a motion for reconsideration falls squarely within the discretion of the district court. See Devlin v. Transportation Communications International Union, 175 F.3d 121, 132 (2d Cir.1999). "A motion for reconsideration may be granted upon one of three possible grounds: (1) an intervening change in law, (2) the availability of evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." Shannon v. Verizon New York, Inc., 519 F. Supp. 2d 304, 307

(N.D.N.Y. 2007) (citing Doe v. New York City Dept. of Social Servs., 709 F.2d 782, 789 (2d Cir.1983). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir.1995).  Here, the defendants are requesting reconsideration on the basis of an intervening change in the law.

    **B.**    **Change in Motion to Dismiss Standard**

The defendants ask the court to reconsider its decision to deny defendants' motion to dismiss counts two and three of the complaint, pursuant to the Supreme Court's decision in Bell Atlantic Corp. v. Twombley, 127 S.Ct. 1955 (May 21, 2007).  The Bell Atlantic decision was rendered one day before this court rendered its decision and order in the case at bar. (Doc. No. 50).  In this court's decision, the following standard for a motion to dismiss was set forth:

> The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir.1984). When deciding a motion to dismiss, the court must accept as true the well pleaded allegations of the complaint. Albright v. Oliver, 510 U.S. 266, 268, 114 S.Ct. 807 (1994). In addition, the allegations of the complaint should be construed favorably to the pleader. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct 1683 (1973). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set

4

>of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957). (Doc. No. 50 at 24-5).

In the days since the Supreme Court decided Bell Atlantic, this court has altered its motion to dismiss standard to conform to the Court's ruling, and added language from a Second Circuit decision that clarifies the motion to dismiss standard in this circuit. This court has removed the Conley v. Gibson language, supra, in decisions and orders on motions to dismiss since Bell Atlantic, and added language as follows:

>"[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." Bell Atlantic Corp. V. Twombly, ---U.S. ----, ---- n. 8, 127 S.Ct. 1955, 1969 n. 8, 167 L.Ed.2d 929 (May 21, 2007).[1] To meet the standard of adequacy, the complaint should contain "enough facts to state a claim to relief that is plausible on its face." Id. at 1974. The Second Circuit interprets Bell Atlantic not as requiring "a universal standard of heightened fact pleading, but is

---

[1] In Bell Atlantic Corp., supra, the Supreme Court purported to abrogate the long standing language in Conley v. Gibson, which articulated that "a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "Bell Atlantic asserted that this 'no set of facts' language 'has earned its retirement' and is 'best forgotten.' " Iqbal v. Hasty, 490 F.3d 143, 155 (2d Cir.2007). However, the Second Circuit noted that "just two weeks after issuing its opinion in Bell Atlantic, the Court cited it for the traditional proposition that '[s]pecific facts are not necessary [for a pleading that satisfies Rule 8(a)(2)]'; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Iqbal, 490 F.3d at 157.

> instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir.2007).

Cotton v. Guildersleeve, 2007 WL 4565160 at *3 (N.D.N.Y. 2007).

The Second Circuit has continued to clarify this issue, and recently held that "at a bare minimum, the operative standard requires the plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" Goldstein v. Pataki, --- F.3d ---, 2008 WL 269100 (2d Cir. 2008) (quoting ATSI Commc'ns., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir.2007), and Twombly, 127 S.Ct. at 1965).

In the case at bar, the court reads the complaint as adequate under Bell Atlantic, and, inter alia, Iqbal and Goldstein. The court finds that the plaintiffs have "amplif[ied] a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible" (Iqbal, 409 F.3d at 157-58), and pursuant to Goldstein, plaintiffs have presented factual allegations sufficient "to raise a right to relief above the speculative level." Id. at *4. The Second Circuit is clear that Bell Atlantic does not require heightened fact pleading. Accordingly, defendants' motion to reconsider the court's previous decision will be granted, and upon reconsideration, the court will adhere to its

previous ruling denying defendants' motion to dismiss counts two and three of the complaint.

### C.     Bifurcation

Finally, defendants request that the court bifurcate the case and postpone discovery on all but the issue of which severance plan was in place at the time this action arose, citing case law and Fed. R. Civ. P. Rule 42(b).[2]  The court is in agreement with defendants that it is crucial to the adjudication of this matter that the applicable plan documents be determined.  However, the plaintiffs point out, and the court concurs, that company officials knowledgeable about the issues pertinent to this litigation overlap, and allowing depositions on the issue of which severance plan was in effect but barring discovery on, inter alia, the sale of asset issue would mean deposing the same people twice.  The plaintiffs present Dawn Cavaliere, Linvatec's vice president for human resources, as a example of a witness who would have to be deposed twice.   In the course of her duties, Cavaliere administered the severance plan, including explaining the plan to employees in the years before the layoffs, but another part of her duties related to

---

[2]     Rule 42(b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial. Fed. R. Civ. P. Rule 42(b) (West 2008).

the sale of assets exception. The court finds that bifurcating this case would not result in judicial economy, and would likely have the opposite effect. Accordingly, the court will deny the defendants' motion to bifurcate the case, but without prejudice. The defendants are thereby afforded the opportunity to file a dispositive motion at such time, if such time arises, that they feel they have amassed enough discovery information to determine the effective severance plan.

### III.   CONCLUSION

For the reasons set forth above, the defendants' motion to reconsider (Doc. No. 52) is hereby GRANTED, and upon review, the court adheres to its previous decision to deny the dismissal of counts one and two of the complaint. The defendants' motion to bifurcate (Doc. No. 52 ) is hereby DENIED.

SO ORDERED.

February 25, 2008

_____
Neal P. McCurn
Senior U.S. District Judge